IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| MISTRELL ALVIN, | * | |
| | * | |
| Petitioner, | * | |
| | * | CV 611-065 |
| v. | * | (Formerly CR 606-026-8) |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

O R D E R

Defendant Mistrell Alvin was convicted by a jury of conspiracy to possess with intent to distribute crack and powder cocaine in 2007. He was sentenced to 188 months imprisonment. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence. See United States v. Bacon, 598 F.3d 772 (11th Cir. 2010).

On June 6, 2011, Alvin filed a timely and comprehensive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Addressing the merits of Alvin's claims, this Court denied the § 2255 motion, as well as several other motions filed by Alvin, on January 10, 2012. The Court then denied several post-judgment motions including a motion for reconsideration filed on February 29, 2012; a motion for reconsideration filed on March 19, 2012; a motion to present

newly discovered evidence filed on April 19, 2012; a motion to reopen the case filed on May 9, 2013; and a motion for reconsideration filed on June 7, 2013. Along the way, the Eleventh Circuit denied the issuance on a certificate of appealability on two occasions.

Presently before the Court is another attempt by Alvin to overturn his sentence, this time in the form of a "Request to Take Judicial Notice and Request to Re-Open Case Sua Sponte." The motion involves Alvin's claim that the Government perpetrated a fraud on the Court by attributing a drug quantity to him that was also attributed to other individuals in another federal criminal case. This is not a new claim; the claim was raised and addressed in the original § 2255. Thus, the present motion is essentially another motion for reconsideration under Federal Rule of Civil Procedure 60(b).

"Rule 60(b) motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either: (1) raise a new ground for relief; or (2) attack a federal court's previous resolution of a claim on the merits." Solomon v. United States, 300 F. App'x 857, 858 (11th Cir. 2008) (citing Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005)). As such, this Court does not have jurisdiction to consider Alvin's present motion unless and until he acquires the necessary authorization from the Eleventh Circuit. See 28 U.S.C. §§

2255, 2244(b)(3). Accordingly, Alvin's motion to take judicial notice (doc. 68)[1] is **DENIED**. Because this Court lacks jurisdiction over the matter, Alvin's "Motion to Deem the Government Failure to Respond a Concession and Motion for Immediate Release" (doc. 69)[2] is also **DENIED**.[3]

Finally, in the underlying criminal case, Alvin filed a "Motion for Bond" seeking release pending resolution of the instant matter. The motion for bond is **DENIED AS MOOT**.[4]

**ORDER ENTERED** at Augusta, Georgia, this 25th day of August, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The motion is docket number 1623 in the criminal case.

[2] The motion is docket number 1638 in the criminal case.

[3] The Court notes that even if Alvin's motion did not amount to a successive petition, he is not entitled to relief for the same reasons explained in prior Orders of the Court. A motion for reconsideration cannot be used to relitigate old matters or rehash the same arguments. (See Order of March 6, 2012, doc. 37, and Order of May 3, 2012, doc. 41.)

[4] The motion is docket number 1629 in the criminal case.